## JAMES KYSER v. JAMES CANNON.

1. In an action to recover possession of "a strip of land *seven* feet wide on the east and west ends, by fifteen rods long on the north and south sides," in the southeast corner of a specified lot, the jury returned a verdict for the plaintiff "for the strip of land to be *two* feet in width, instead of seven feet in width as claimed in the petition, extending fifteen rods in length." *Held*, that the verdict was void for uncertainty, and that it was error in the court to refuse to set it aside.

2. Where the defendant, in an action for the recovery of the possession of land, denied the plaintiff's title and right of possession, and then, as a second defense, set up the statute of limitations, alleging that he and his grantors had been in adverse and exclusive possession for twenty-one years: *Held*, that the second defense may be regarded as surplusage, being merely another form of denying the plaintiff's title; and a failure to reply to such second defense does not entitle the defendant to judgment.

MOTION for leave to file a petition in error to the District Court of Cuyahoga county.

The original action was brought by Cannon against Kyser to recover possession of " a strip of land *seven* feet wide on the east and west ends, by fifteen rods long on the north and south sides, off from the southeast corner of lot No. 38," which lot No. 38 is described in the petition. The petition alleged that Cannon had a legal title to, and was seized in fee of the land; that he was entitled to the possession thereof, and that the defendant, Kyser, unlawfully kept him out of possession.

The defendant by his answer denied the plaintiff's title and right of possession, and, as a second ground of defense, alleged that "said cause of action did not accrue within twenty-one years," and that the strip of land in controversy had been "held in exclusive and adverse possession by defendant and his grantors for more than twenty-one years" next preceding the commencement of the action.

To this answer the plaintiff below filed a reply in these words :

"And now comes the plaintiff, and, replying to the answer of the defendant herein, says : ' It is not true that the *defendant* has occupied said premises adversely for the last twenty-one years prior to the commencement of this action.' "

Upon these pleadings the cause was submitted to a jury, who returned the following verdict :

" We, the jury in this case, being duly impaneled and sworn, do find for the plaintiff, for the strip of land to be *two* feet in width, instead of *seven* feet in width, as claimed in the petition, extending fifteen rods in length."

The defendant thereupon moved the court to set the verdict aside, and for a new trial, for the reason, among others, that the verdict was so indefinite and uncertain that it could not legally constitute the basis of a judgment." But the court overruled the motion, and gave judgment in favor of the plaintiff for " the land described in said verdict," and for costs. This judgment was afterward affirmed in the district court, and the defendant, the present plaintiff in error, now seeks to reverse the judgments of both courts.

*Andrews & Kaiser*, and *S. Burk*, for the motion.
*Marvin, Hart*, and *Squire*, contra.

WELCH, C. J. This verdict is manifestly too indefinite to be the basis of any valid judgment. It is simply void for uncertainty, and should have been set aside, or refused to be received by the court. It finds for the plaintiff for *two* feet in width of the strip of *seven* feet, without showing from what part of the strip the two feet are to be taken— whether from the north, south, or middle part. The evidence shows that the plaintiff owned and occupied on the north side of the seven feet strip, and, by the pleadings, it is admitted that the defendant is in possession of the entire seven feet, and that the south line of the strip is identical

with the south line of lot 38. Now, if plaintiff recovers "the strip of land, to be two feet in width, instead of seven feet in width," the two feet recovered must rest on the south line of lot 38, leaving the defendant in possession of five feet between the two feet so recovered and the remainder of plaintiff's farm. Such a thing never could have been intended by the jury. They must have intended to give the plaintiff two feet off the north side of the strip, but the language of their verdict is clearly insufficient for that purpose, and, in fact, describes no land whatever. We think, therefore, that the court erred in refusing to set this verdict aside, and in rendering judgment upon it.

As the case must go back for retrial, it is proper to decide a question raised upon the pleadings, and which may become important upon such retrial. The second defense sets up the statute of limitations, and also twenty-one years' adverse possession by defendant and those under whom he holds, and the reply simply denies that the defendant has occupied the premises adversely for twenty-one years, thus apparently admitting that the cause of action did not accrue within twenty-one years, and that the defendant and those under whom he claims have (in succession) been in adverse possession for twenty-one years. The question is whether, upon this state of pleadings, the defendant is entitled to judgment. We think not. The second defense may be regarded as surplusage, being merely a second denial of plaintiff's title, by asserting title in defendant.

*Judgments reversed, and cause remanded.*