McIlvaine, C. J.
.At the trial in the court of common pleas, after the 'plaintiff liad offered testimony tending to prove in himself the legal title to the property in dispute, by mesne conveyances from Amos Parkhurst, the defendants offered testimony to show in them an equitable title by virtue of a contract of sale from Amos Parkhurst to Luther Parkhurst, made in 1834, shortly before the death of Amos. This testimony was objected to by the plaintiff, but was admitted by the court. And in relation to this testimony the court refused to instruct the jury, as requested by plaintiff, “ That no contract of sale by Amos to Luther Parkhurst can in this case be relied on as a defense,” but did instruct that, “ Before this equitable defense can prevail, the proof must show you that Amos and Luther, before the former’s death, entered into a contract for the sale of Amos’s share, the terms of which are definitely proven, and the purchase money fully paid, and that Luther was put in possession of Amos’ share before the death of Amos.” _
The rulings of the court of common pleas, in this regard, are alleged to be erroneous. The ground of error is, that the testimony, as matter of defense, was not pertinent to the issue joined between the parties.
Since the adoption of the civil code of 1853, it has been competent for the defendant in an action for the recovery of real estate to plead an equitable title and right of possession in himself. Section 93 provides that “ The defendant may set forth in Ms answer as many grounds of defense, counter-claim and set-off as he may have, whether they be such as have been heretofore denominated legal or equitable, or both.” Under favor', of this provision, it is quite clear that all matters of defense, whether legal or equitable, must be pleaded. And section 92 provides, that “ A statement of new matter constituting a defense, counter-claim or set-off ” should be- set forth in ordinary and concise language, and without repetition. This rule of pleading, it will be observed, relates to matters of defense, counter-claim and set-off, as distinguished from mere *360 denials, general or specific, of the material allegations of the petition. ■ The latter joins issue- upon the facts stated as the cause of action; the former confesses and avoids. The'pleading of new matter, as a defense, does not join issue upon the facts stated in the petition, but tenders an issue upon the facts stated in the answer, which, if not controverted by .the reply, shall be taken as true, for the purposes of the action. Section 127.
Now, with these principles in view, the true scope and meaning of sections 558 and 559 of the code are apparent. “ Section 558. In an action for the recovery of real property, it shall be sufficient, if the plaintiff state in his petition that he has the legal estate therein, and is entitled to the possession thereof .... and that the defendant unlawfully keeps him out of the possession.” “ Section 559. It shall be sufficient in such action, of the defendant, in his answer, deny, generally, the title alleged in the petition, or that he withholds the possession, as the case may be; but if he deny the title of the plaintiff, possession by the defendant shall be taken as admitted.” The rules for pleading here prescribed relate only to cases where the light of the plaintiff as alleged (in his petition, or the fact that the defendant withholds the possession from the plaintiff, is-denied. If, however, these facts cannot be denied, and the defendant relies upon new matter as grounds of defense, as, for instance, an equitable title and right of possession in himself, such new matter must be pleaded in his answer, as required by sections 92 and 93, above quoted.
In the case before us, the plaintiff’s petition was framed under section 558, and the defendant’s answer under section 559. It is true, that the defendant also formally pleaded the statute of limitations, but this was equivalent merely to a denial of the plaintiff’s title as alleged in his petition. Keyser v. Cannon, 29 Ohio St. 359; Rhodes v. Gunn, 35 Ohio St. 387.
No issue was joined, or even tendered, as to the equitable right of defendants under a contract of purchase. If such right had been relied on by defendants, it should have been pleaded, and the plaintiff thereby advised of the nature of the defense, and thus afforded an opportunity to controvert it.
On the trial in-.the court of connnon pleas, the. rule of evi *361 •dence which, requires testimony to be confined to matters in issue was clearly violated. And it was error in the charge of the court to submit to the jury the consideration of a defense which had not been pleaded. The case was not one of immaterial variance between the allegations and the proof, within the meaning of sections 131 and 132 of the code, bnt was one •of departure, by which a defense which was not pleaded at all was allowed to he proved. And in •such case it is impossible for us to say that the plaintiff was not prejudiced.
Other matters are also alleged for error, but it is not considered necessary that they should be reported or discussed.
Tbe district court erred in affirming the judgment of the •common pleas, and tbe judgments of both courts are now reversed and cause remanded to the common pleas for further proceedings.