HEIM et v. WHITWORTH

Ohio Appeals, 1st Dist., Hamilton Co.

No. 2978. Decided April 4, 1927

447. EJECTMENT—1235 Verdict—A verdict in an ejectment case holding that the plaintiff is the owner and entitled to possession of an entire sublot in a recorded subdivision, is not void for uncertainty.

1265. WEIGHT OF EVIDENCE—Where a petition in an ejectment case sets forth that defendant has erected a fence on the southeasterly end of a sublot in a recorded subdivision, and the evidence shows that the contention was as to a fence on the southwesterly portion of the lot, a verdict granting the plaintiff possession of the entire lot is not against the weight of the evidence.

**First Publication of this Opinion**

PER CURIAM

This action was commenced in the Common Pleas Court of Hamilton County by Whitworth against Heim. The parties will be hereinafter referred to as plaintiff and defendant, as they appeared in the trial court.

Plaintiff and defendants own adjoining lots in a recorded subdivision in the Village of Arlington Heights. Plaintiff brought this action against defendants claiming that they were occupying a portion of his lot. The petition describes the lot as being lot No. 3 in Henry Fuerstein's First Subdivision, in Section 32, Range 1, Town 4, Miami Purchase; and states that the defendants have erected a fence upon the southeasterly end of said property, which unlawfully keeps plaintiff out of possession thereof. The defendants filed a general denial. A jury in the Common Pleas found that the plaintiff was the owner of said premises and entitled to immediate possession thereof. Plaintiff herein who was defendant below, asks that the judgment be reversed for the reason that the verdict and judgment are void for uncertainty and that the verdict and judgment are against the weight of the evidence. The Court of Appeals affirmed the Common Pleas, and found as follows:—

1. That the verdict and judgment are not void for uncertainty under 11344 GC. because, the property described in the petition is an entire lot and the bill of exceptions includes a plat of the subdivision in which this lot is included, duly recorded in the records of Hamilton County. That the case of Kyser v. Cannon, 29 OS. 359 does not apply in this case for the reason that under 11903 GC. it is sufficient if the plaintiff describes the property with such certainty as to identify it. Also that the burden of describing by meters and bounds, the property which they claimed, was on the defendants in this case according to 11904 GC. That though the evidence showed that the contention was as to a fence on the southwesterly portion of the lot, that evidence was introduced by both parties, as to what was the true dividing line, which was the west line of the Whitworth lot, and the east line of the Heim lot. That a verdict by the jury giving the plaintiff possession of the entire lot would oust the defendants from either the east line or west line or both and such a verdict is not against the weight of the evidence.

Judgment affirmed.

(Hamilton, PJ., Cushing and Buckwalter, JJ., concur).

Attorneys:—Alcorn & Alcorn, for Heim; Edward J. Corcoran, for Whitworth; all of Cincinnati.