## BRANTLY *vs.* HUFF *et al.*

1. Map by the county surveyor not evidence, under the circumstances, as an official document or as an admission by district road commissioners. It might go to the jury as a mere diagram to illustrate other testimony. District road commissioners have no power to bind by their admissions either the public or a land-owner.

2. Official transactions of county commissioners are presumed to be recorded, and cannot be proved by parol without accounting for the absence of the better evidence. A survey ordered by the board to find the route of an old road is not, simply because made in pursuance of the order, binding in its results. Nor will any presumption arise that the results are correct.

3. Recorded proceedings of district road commissioners showing efforts to ascertain and fix the route of an old road, are no evidence on the question of where the true route is. These commissioners have only executive functions in locating roads, and their mere deliberative acts, not followed by any actual opening or occupation of the route, are without force.

4. When one distinct issue is carved out of a case by consent and reduced to writing, and the trial is to be had solely upon it, the charge of the court should not go beyond it, and enter into other issues, treating the whole original case as open to the jury.

5. In tracing boundaries, courses and distances yield to permanent physical monuments, natural or artificial.

6. Changes in the route of a public road, or substantial changes even in the marginal line, when that line is the boundary of a tract of land, will work no change in the boundary. The road may shift to other ground, but the boundary will remain where it was.

7. Facts conceded may be characterized as conceded facts in charging the jury; and if the charge so denominates them, such will be con-

Brantly *vs.* Huff *et al.*

sidered their true character, unless the contrary affirmatively appears.

8. The scope of the controversy and the limits of the agreed issue compared, and a new trial ordered.

Injunction. Evidence. Land. Roads and bridges. Boundary. County matters. Presumptions. Charge of Court. Before Judge Grice. Bibb Superior Court. April Adjourned Term, 1878.

Reported in the opinion.

R. F. Lyon, for plaintiff in error.

E. F. Best; Bacon & Rutherford; G. W. Gustin, for defendants.

Bleckley, Justice.

1. The true original route of an ancient highway was in controversy, and the agreed issue was as to the location of a boundary line which was co-incident with one of the borders of that route. The cause on trial was a bill in equity in which Brantly was complainant, and Huff defendant, together with two public boards as co-defendants, one the county board of commissioners and the other the district board of road commissioners, the former board having power to order public roads to be laid out, altered or discontinued, and the latter having the immediate supervision of construction and repairs. A map made by the county surveyor after the dispute arose, and founded on a survey made by him at the instance of the complainant and the board of road commissioners, with notice to Huff, but not in his presence or with his consent, was not admissible in evidence for the complainant, even in connection with the testimony of the surveyor showing it to be correct according to the data used as a basis of survey. It is apparent that neither the surveyor nor the road commissioners knew personally said data to be adequate means of identifying the

true route of the road, except as identification might result from following courses and distances from certain fixed points; and the important line mentioned in the description, by which the survey was guided, was one border of the road, the location of which was under search. It was within the discretion of the court to allow the map to go to the jury as a mere diagram to illustrate, or aid in understanding, the testimony of the surveyor, or that of other witnesses, but the map was not evidence as an official document, or as in the nature of an admission by the road commissioners, they having no power to make an admission binding upon the public or upon their co-defendant, Huff. It was competent for the surveyor to testify orally to his survey and its results, using the map, if necessary, to refresh his recollection.

2. The official transactions of the county board of commissioners of Bibb county (see pamph. acts of 1873, p. 219), are presumed to be recorded as the law requires, and they cannot be proved by parol, without first accounting for the non-production of the better evidence. Moreover, if the board directed a survey to be made by the county surveyor to ascertain the route of an old road, that would not commit the board to the results of the survey, nor would any presumption arise that those results were correct.

3. Copies of the proceedings of one of the district boards of road commissioners of Bibb county (see pamph. acts of 1871-2, p. 221) showing the efforts of the board to ascertain and fix the route of an old road in their district, are no evidence against themselves, or against the county board of commissioners, or against a land-owner, on the question of where the true route is, such proceedings not having resulted in any re-opening or re-occupation of the route sought to be discovered. The road commissioners have no power to bind the public or the owners of land by a mere deliberative recognition, whether announced through resolutions, reports or otherwise, of definite lines and routes. Their functions in respect to locating public roads are executive—not legislative or judicial.

4. Where the trial is had upon a distinct issue carved out of the general case by consent of all the parties, and reduced to writing, the charge of the court should not raise other issues and leave the jury free to make the verdict turn on them. The complainant alleged that his land was burdened with a short section of road never established as a highway, but brought into use as a temporary detour from the ancient track, and that the defendant, Huff, had encroached with his fence upon the disused track. Huff insisted that no detour had been made, and that his fence was upon his own line along the border of the ancient highway, and hence constituted no encroachment. It was agreed in writing at the trial that the case proceed for the determination of his boundary, with power in the jury to find that the detour, if any, be discontinued, and the disused track, if any, be re-opened or restored by the commissioners at Huff's expense. Certainly, on this narrow issue it was error to instruct the jury that if there was a detour, and the same had been in the possession and use of the public for seven years before the filing of the bill, then the title of the public to the detour itself was complete, and the public could not be deprived thereof, though the true ancient track was elsewhere. It was also error to instruct the jury, that although the defendant, Huff, might be in possession of land (meaning the disused road) to which he had no title, the complainant could not deprive him of it, if he, the complainant, had no title either. By the terms of the agreed issue, Huff's title was the only title under examination, relatively to the space occupied by the disused road. The object was to ascertain and fix his boundary, which done, the ancient road would necessarily be ascertained and fixed, the border of that road being the conceded limit of his land. It was also error to instruct the jury, that if Huff had encroached on the disused road, that was a question between him and the county board of commissioners, and with which the complainant had no concern, unless the property thus taken was shown

to belong to him. It was also error to instruct the jury in respect to the criminal law applicable to obstructing roads. And the width of the road was not otherwise involved in the issue than as it might be a guide in finding and tracing that particular border along which Huff's boundary lay. There was no dispute that from that border the road extended and ought still to extend to the full width required by law.

5. In arriving at a boundary line the jury are not restricted to the courses and distances laid down in the deed. If permanent monuments, natural or artificial, such as a public road, are also specified in the deed, and there is satisfactory evidence that those monuments have been found, and that they are still in their original places, they will check and modify the courses and distances which conflict with them; for courses and distances are among the lowest indicia of boundary—not the highest.

6. But a public road, of course, may change, and when this occurs, the boundary does not change with it. When the road is moved or transferred to other soil, the boundary remains behind. A boundary line which was coincident with a border of the road, will not rest upon the corresponding border in the new position. Substantial, and not trivial changes, are here spoken of.

7. What is not conceded, either in the pleadings, or by the parties or their counsel in the presence of he court, cannot be recited to the jury from the bench as conceded; but where matter is stated in the charge as a concession, and it does not appear on the authority of the judge himself that no such concession was in fact made, the presumption is that it was made.

8. The complainant's theory is, that he and the defendant, Huff, are coterminous proprietors; that Huff's land extends to the border of the public road, and that his own land lies adjacent; that the road, as it formerly existed both *de facto* and *de jure*, and as it still exists *de jure*, has, for some years, been disused, a detour having been made

through his land, with his permission and consent, by travelers and passengers, but without any establishment or adoption, by the public authorities, of the route of this detour as a part of the highway, or as a substitute for the original route; that in permitting the detour, he intended it to be temporary, and acted with a purpose to withdraw it from use as a way, at his pleasure; that Huff has erected a fence taking in some of the public road proper, thus bringing it within his enclosure, and reducing it to his possession; that he, complainant, wishes to terminate the permissive use of the detour, and that an obstacle to his doing so is, that the public authorities object on account of there being no other open way; that Huff fails and refuses to draw in his fence to his true boundary, and yield to the public the original road, which he holds by intrusion or usurpation. Huff's theory, on the contrary, is that there has been no detour—no deviation from the true, original route, and that his fence is now on the border of the public road, his veritable boundary line. The county commissioners and the district road commissioners, Huff's co-defendants, are, it seems, indifferent between the contesting parties, being content with either route. What they claim is only that the public shall have an open road, of full legal width and in good condition, along one route or the other. In pursuance of a prayer in the answer of the district road commissioners, the complainant and Huff are interpleading to settle the question whether the two routes, so-called, are in fact one and the same, as Huff .contends, or different, really and substantially, as the complainant contends. To determine the matter involved in the interpleader, the special and particular question made in the agreed issue is, where is Huff's boundary line? That line being once ascertained, the controversy is at an end, as between Huff and the complainant; for neither of them contends that the true boundary is not to be observed, or that the true boundary is not co-incident with the border of the original public road, or that either of the contestants has a right to appro-

priate that road as against the other, or as against the public.

Let the cause be tried over, with due reference to the scope and meaning of the agreed issue, and with no instructions to the jury not relevant to the same, or else to the power of ordering a restoration of the road at Huff's expense if he has intruded upon it.

Judgment reversed.