Ford *vs.* Williams.

rendered by officers of the court in the progress of the cause.    33 .
*Ga.*, 533.

(*c.*) If any items of cost were improper, a motion to retax costs could
have been made in the court below, upon the return of the remit-
ter from this court.

2. If a plaintiff in error has been injured and suffered damage in con-
sequence of the neglect of the clerk of the superior court, he may
sue him personally, or upon his official bond, and recover the
amount of the damage sustained.    66 *Ga.*, 203.
Judgment affirmed.

March 11, 1884.

## FORD *vs.* WILLIAMS.

1. All lands are supposed to be actually surveyed; and the intention
of a grant from the state is to convey the land according to that
actual survey.    16 *Ga.*, 142, 147.

(*a.*) Where the lines and courses of an adjoining tract are called for
as a boundary in a deed or grant, the lines of such deed or grant
shall be extended to them, without regard to distances, provided
those lines and courses are sufficiently established.

2. Actual possession for twenty years, if continuous, adverse, peace-
able, and accompanied by claim of right, gives prescriptive title to
the land so actually held, but does not extend beyond it.    Code,
§§2678, 2682.

(*a.*) Trespassing beyond the land so held, by one who is insolvent,
will be enjoined.

(*b.*) Directions given to court below to grant an injunction against a
trespass by an insolvent defendant beyond the land held under en-
closure, unless he gives bond for damages.
Judgment reversed.

March 4, 1883.

HALL, Justice.

[Ford filed his bill against Williams to eject him from a

tract of land, to recover damages for use of the same, and to enjoin him from further use which would injure the timber thereon.  Defendant was insolvent.

Defendant denied complainant's ownership.  The real contest was this:  The grant from the state, under which complainant claimed title, described the land granted as being land lot number 112, in the 16th district of Dooly county, containing 202½ acres, "having such shape, form and marks as appear by plat of the same hereto annexed." The accompanying plat has the southern boundary marked as the Irwin county line.  Complainant insists that his lot extends to the original Irwin county line mentioned, although it would thus include about three hundred and fifty, instead of two hundred and two and one-half acres. Defendant insists that the southern line of lot number 112 of the 16th district of Dooly county and the northern line of the seventh district of originally Irwin county (known as the Irwin county line) do not fall together, but that between the two lies an unsurveyed strip which includes the land in dispute; that he and his father, under whom he claims, have cleared up several acres of the land in dispute, and have been in actual possession of that portion of it for more than twenty years.

The chancellor refused an injunction, and complainant excepted ]