## HICKS v. BRINSON et al.

1. It being manifest from the verdict rendered in an action for the recovery of a described parcel of land that the jury intended to find for the plaintiff a portion only of the premises sued for, which portion they undertook to describe by means of a diagram, together with a written explanation thereof; and it being impossible, taking the verdict as a whole, to ascertain what land it covered, or to locate the same with any degree of certainty, no writ of possession should have been issued.
2. Where, in such case, a writ of possession was issued containing, among other things, an order directing the sheriff to take down and remove from premises described in the same manner as in the verdict a small portion of a brick wall, constituting a part of a building belonging to the defendant in the action for the land, and the sheriff was about to execute this order, and in so doing would necessarily have materially damaged or totally destroyed that building, its owner was entitled to an injunction against the officer.

Argued January 25,—Decided March 22, 1897.

Petition for injunction. Before Judge Callaway. Richmond county. August 10, 1896.

*Salem Dutcher*, for plaintiff. *E. B. Baxter, J. R. Lamar* and *E. F. Verdery*, for defendants.

LUMPKIN, Presiding Justice.

An action was brought by Brinson and others against Hicks for the recovery of a small strip of land in the shape of a parallelogram, alleged to have a front of two feet on Broad street in the village of Harrisburg, and running back, of even width, 161 feet. The jury found for the plaintiffs a parcel of land in the shape of a triangle, which they

undertook to designate by a diagram accompanied by a written description. We have studied this verdict as closely and as carefully as we possibly can, and find ourselves unable to determine what it means; and we do not believe it capable of an intelligible interpretation. The language used in the written part of the verdict is totally inapplicable to the symbolic characters used to designate the three angles of the triangle, as shown upon the diagram. In short, it is impossible, taking the verdict as a whole, to ascertain what land it covered, or to locate the same with any degree of certainty. The court, however, issued a writ of possession, the description of the land therein referred to being the same as that employed in the verdict. The sheriff proceeded to execute this writ, evidently supposing that he could locate the land into the possession of which the plaintiffs were to be placed. In attempting to discharge what he conceived to be his duty in the premises, he was about to tear down and remove from a small triangle the base and superstructure of a portion of a brick wall which constituted a part of a building which, except as to so much thereof as rested upon the small triangle in question, undoubtedly belonged to Hicks, the defendant in the action of ejectment. The latter thereupon filed an equitable petition to restrain the sheriff from so doing, and it appeared conclusively at the hearing that if the sheriff had carried his intention into effect, the building would have been either totally destroyed, or most materially damaged.

We think the writ of possession ought not to have been issued at all. The verdict upon which it was founded was too vague, uncertain and indefinite, to authorize any proceedings thereon. "Every such verdict should describe the premises awarded by it with such particularity that, after judgment has been entered upon it, the sheriff may be enabled to deliver up the possession to the plaintiff." 7 Enc. of Pl. & Pr., p. 347. This vitally essential requirement of law having been entirely ignored by the jury rendering the

verdict in question, it can be treated as no more than a mere nullity.

We think this was clearly a case for an injunction, and that the court below erred in not granting the prayer for the same.

*Judgment reversed. All the Justices concurring.*