McCULLOUGH *v.* EAST TENNESSEE, VIRGINIA AND GEORGIA RAILWAY COMPANY.

1. Where a brief of evidence was filed within the time prescribed by an order duly granted, wherein it was provided that such brief might be approved at the hearing of the motion for a new trial to which this brief related, an approval at the hearing was in time.

2. That a brief thus approved merely referred to and in this manner made a part thereof a former brief of evidence which had been filed, approved, and made a part of the record in the same case, without incorporating the old brief in the new, afforded no cause for dismissing the motion for a new trial.

3. A verdict in an ejectment case, whereby the jury undertake to find for the plaintiff a portion only of the premises sued for, and the terms of which are so vague and indefinite that the land therein referred to can not be located and identified by construing the verdict in the light of the pleadings, and the metes and bounds of which could be arrived at only by resorting to extrinsic evidence, is too uncertain to support a judgment.

Argued November 22, — Decided December 20, 1898.

Complaint for land. Before Judge Sweat. Glynn superior court. December term, 1897.

*Crovatt & Whitfield*, for plaintiff.
*Goodyear & Kay*, for defendant.

SIMMONS, C. J.   McCullough brought his complaint for land against the East Tennessee, Virginia & Georgia Railway Co. The petition alleged that the defendant was in possession of a certain strip of land 2,500 feet in length and 17 feet more or less in width, and that this strip was a part of certain lands which had been leased by the Mayor and Council of the City of Brunswick to certain parties who had assigned these leases to the plaintiff. The railway company defended under a lease from the same authorities, made in June, 1868, and a license granted in March, 1871, the contention being that the defendant had gone into possession of the land and built thereon its road-bed and had been in continuous and adverse possession for more than twenty years before the plaintiff filed his action. Upon the trial of the case the jury returned the following verdict: "We, the jury, find for the plaintiff for that portion of the land in dispute on which the defendant railroad company built their track in 1890, and we also find for the plaintiff in the sum of $3,125, for rent up to date, January 25, 1897." A motion for a new trial, containing several grounds, was made by the railway company and granted generally by the judge, being the second grant of a new trial. See *McCullough* v. *Ry. Co.*, 97 *Ga.* 373.

1, 2. When the motion for a new trial came on to be heard, the respondent moved to dismiss it, upon the ground that the motion was "not accompanied by any legal and duly filed and approved or agreed brief of evidence." This motion was overruled, and the respondent excepted. It appears from the record, that on January 29, 1898, the judge granted an order giving the movant thirty days within which to prepare and file a brief of evidence in the case. In the same order he allowed the movant to refer to in, and thus make a part of, this brief of evidence a brief of evidence filed and approved in the first motion for a new trial, without incorporating it in the second brief. The brief of evidence was filed on February 23, 1898, and at the hearing, February 28, 1898, after some corrections had been made, the judge approved it. Under these facts it was not error for the judge to refuse to dismiss the motion. The brief of evidence in the first motion for new trial

had become a record of the court and had been agreed upon and approved, and we think the court could allow it to be made a part of the new brief merely by reference, without incorporating it therein, it appearing that the old brief was used in the second trial for the purpose of contradicting one of the witnesses for the plaintiff, and that it was agreed by the parties that the whole of it should go in evidence on this trial. What was the object of counsel in putting in the whole brief does not appear. It was a mere repetition, in many respects, of the oral evidence taken on the last trial. There was in our opinion no excuse for dumping the whole of the old brief into the case, when only a portion of it was needed for the purpose of contradicting the witness. The better practice would have been to use that part only which was necessary for the contradiction of the witness, and to include the part so used in the new brief. It is bad practice to encumber the records with voluminous documentary evidence when it is totally immaterial and irrelevant to the case on trial. A great many records are brought here which contain what purport to be briefs of evidence, when such briefs could be easily reduced to a very much smaller size.

3. The motion for a new trial contained the general grounds that the verdict was contrary to law and the evidence, and that the verdict was void for uncertainty. It will be remembered that the plaintiff sued for a strip of land, on which was situated the road-bed of the defendant, 2,500 feet in length and 17 feet in width. There was, so far as the record discloses, no amendment to the declaration. The jury returned the verdict above set out. Our opinion is, that this verdict is so uncertain as to the amount of the strip found by the jury to be the property of the plaintiff that a writ of possession can not be issued in his favor. Construing the verdict with the pleadings, it is clear that if the writ of possession issued in accordance with the verdict, the sheriff could not know which part of the strip of land to take from the defendant to give into the possession of McCullough. There was nothing said in the declaration about that part of the strip on which the road-bed of the company was built in 1890,—no allegation as to the length of the road built at that time. In the case of *Harwell* v. *Foster*, 97

*Ga.* 264, it was held: "If the premises sued for be described as a certain number of acres embraced in a larger tract, which latter tract is accurately described, but there is no further description of the particular premises sued for, such description is too indefinite to be made the basis of a recovery; and if upon the trial the evidence for the plaintiff be as uncertain as the description laid, a nonsuit should be awarded; and even greater certainty in the evidence would not prevent a nonsuit, unless the declaration be amended so as to conform to the evidence." If this is true of the declaration, it is also true of a verdict which finds only a part of the land claimed in the declaration when the verdict does not with certainty describe the land found. We think that this verdict was not sufficiently certain as to the premises found to authorize the court from it and the pleadings to issue a writ of possession which would with certainty point out to the sheriff the particular tract of which to put the plaintiff in possession. It is claimed that the court had a right to look not only to the verdict and the pleadings but also to the evidence in rendering judgment on the verdict, and that, by taking the evidence adduced on the trial, it could be determined what particular piece of land the jury intended to find for the plaintiff. The motion for a new trial claims that the judge had no right to do this in entering up his judgment. We can not consider the ground of the motion complaining of the judgment entered up. That a judgment has been erroneously entered up is no ground for a motion for a new trial, but should be excepted to directly. As far as the record discloses, no legal exceptions were taken to the judgment in the present case. We must therefore consider the verdict itself, to determine whether it is void for uncertainty. There is no doubt that a verdict may be amended in form when this is done at the proper time, and there is no doubt that the judge had the right in the present case, upon the application of counsel for either party or upon his own motion, to order the jury to return to their room and so amend their verdict as to make it specify plainly and clearly what part of the premises they intended to find for the plaintiff. But nothing of the sort was done. While there are some cases in our reports holding that the judge may amend or

construe a verdict by the pleadings and the evidence, yet in a case in ejectment, like this, where great particularity must be required in the description of the premises, both in the declaration and in the finding of the jury, we think that the judge should not form the judgment by interpolating into the verdict, from the evidence, descriptions of the property which do not appear in the verdict or the pleadings. If a plaintiff should sue for three lots of land, describing each accurately, and the jury should find for him one lot without describing or locating it or stating which of the three lots was intended, certainly the judge, in construing the verdict, could not designate in his judgment a particular one of the lots and order a writ of possession to issue therefor. We are of the opinion that when one brings an action for an entire tract of land and the jury find for him only a portion of such tract, unless the declaration is so framed or amended as to describe that portion with sufficient particularity, the verdict should specify with certainty such portion as is found to be the property of the plaintiff. In such a case the description in the verdict should be as accurate and certain as is required in the declaration in a suit of ejectment. We are aware that the old rule was that the jury could return a general verdict where the plaintiff proved his title to a portion only of the premises sued for, it being said in sustaining the rule that the plaintiff could enter upon the other part of the premises, that to which he had shown no title, at his peril and be subject to an action of trespass; but that rule has long ago been abandoned, the true one being that stated above. "By that method," as was said by Ruffin, C. J., in the case of Pierce v. Wanett, 10 Ired. L. (N. C.) 446, 452, "questions are settled at once which might otherwise produce troublesome controversy in other forms." See also *Hicks* v. *Brinson*, 100 *Ga.* 595; McArthur v. Porter, 6 Pet. 205; Hitchcox v. Rawson, 14 Gratt. 526; Kyser v. Cannon, 29 Ohio St. 359; Smith v. Jenks, 10 S. & R. 153; Crommelin v. Minter, 9 Ala. 594; Bennet v. Morris, 9 Porter (Ala.), 171; Gregory v. Jacksons, 6 Munford, 25.

*Judgment affirmed. All the Justices concurring.*