## HAMMOND v. GEORGE et al.

1. Where a deed conveying a tract of land locates the boundaries both by monuments and by distances, and there is a discrepancy between the two, the location by monuments will prevail.
2. If in such a case one of the monuments is a street, and there is, in a suit brought to recover the land, a dispute as to whether there was, at the date of the deed, such a street in existence, this question should be submitted to a jury under proper instructions.
3. The improper allowance of an amendment to a petition can not be properly made a ground of a motion for a new trial.

Argued November 24, — Decided December 12, 1902.

Ejectment.    Before Judge Spence.    Calhoun superior court. February 10, 1902.

J. J. Beck and J. W. Walters, for plaintiff in error.
W. C. Worrill and W. D. Sheffield, contra.

COBB, J.    This was an action of ejectment to recover two parcels of land.    There was a verdict for plaintiffs, and the defendant excepts to a judgment overruling his motion for a new trial.    The deed relied upon by defendant to establish his title to one of the tracts described the land as follows: " Bounded on west by lands of W. H. Hammond 420 feet, south by S. W. R. R. extension 432 feet, east by Corley street 420 feet, and north by first street 432 feet, containing four acres and a fraction."    The plaintiff contended that the deed conveyed a tract 432 feet wide and 420 feet long, while the defendant contended that the deed conveyed a tract 432 feet wide, the length of the tract being the distance from the railroad to " first street," without reference to whether it was more or less than 420 feet.    The evidence was conflicting as to whether there was a street in existence on the north side of the land in controversy at the date of the deed.    The judge instructed the jury that the deed embraced a tract 420 feet long.    We think this was error. The jury should have been instructed to inquire whether there was on the north side of the property in controversy a street in existence at the date of the deed, and if so, whether this was the street referred to in the deed, and if they should find in the affirmative on both of these questions, then under the deed this street would be the northern boundary of the land conveyed.    If there was at that time no such street, then the land conveyed would be a tract 432

feet wide by 420 feet long.  See *Ford* v. *Williams*, 73 *Ga.* 106.
See also, in this connection, *Benton* v. *Horsley*, 71 *Ga.* 619 ; *Ray* v.
*Pease*, 95 *Ga.* 170; Civil Code, § 3246; 5 Cyc. Law & Proc. 867,
869, 870, 871; 4 Am. & Eng. Enc. Law (2d ed.), 760, 761, 764,
769, 784.

The motion for a new trial contains two grounds complaining
that the court erred in allowing amendments to the petition.
These rulings can not properly be complained of in a motion for a
new trial.  *Bullock* v. *Cordele Sash Co.*, 114 *Ga.* 627.

While this case involves two tracts of land, and the error which
requires a reversal relates to one only, still we will allow the case
to go back for a trial de novo on all questions.  After a careful
examination of the record, we do not feel disposed to exercise the
power to direct that the new hearing be confined to the one tract,
especially as there was no request for such a direction.

*Judgment reversed.  All the Justices concurring, except Lumpkin,
P. J., absent.*