ROOKS *v.* TUCKER *et al.*

1. A plaintiff bringing suit for land, in statutory form, can allege facts showing title inside the petition instead of annexing thereto an abstract of title.
2. Where, to a suit for land in statutory form, the defendant files no plea, and does nothing except to make, at the trial term, an ineffectual motion to dismiss the petition because no abstract of title is annexed thereto, he can not by direct bill of exceptions have set aside a verdict for the plaintiff for the premises sued for, on the ground that such **premises** are insufficiently described in the petition.

Submitted November 29,—Decided December 19, 1907.

Complaint for land. Before Judge Hammond. Richmond superior court. January 29, 1907.

*F. W. Capers,* for plaintiff in error.

HOLDEN, J. The petition of the plaintiffs, bringing complaint for land in the statutory form, was duly paragraphed. The petition described a tract of 130 acres of land, and described the land sued for as "40 acres of the northern part of said tract of land." There was no other description of the 40 acres sued for, in the pleadings or in the evidence. Plaintiffs alleged a statement of facts, in lieu of an abstract of title, in which they set forth that the land contended for was purchased from Rufus Wren by their father, Isaac Allen, in 1866 or 1867, and that the latter from that date until his death in 1897 was in peaceable, quiet, and uninter-

rupted possession of the land, and that they claimed the right of possession of the land upon the adverse possession of their father, of whom they were the sole heirs at law. Defendant filed no answer to the suit, but upon the trial thereof moved to dismiss the petition, on the ground that no abstract of title was attached thereto. This motion the court overruled, and, upon some evidence being introduced by the plaintiffs as to the purchase of the land by their father, and his death, upon motion of the plaintiffs on the ground that the defendant had filed no answer and that they were entitled to a verdict upon the petition, the court directed a verdict in favor of the plaintiffs "for the land sued for in the within petition." To this ruling of the court directing a verdict the defendant filed his bill of exceptions, and alleges that error was committed, 1st, in that the court erred in overruling his motion to dismiss the petition because of the absence of an abstract of title; and, 2nd, because there was in the petition no sufficient description of the land sued for.

1. The plaintiffs, instead of attaching an abstract of title to the petition, embodied a statement of their source of title in the petition. We can conceive of no good reason why a petition should be dismissed because the showing of title is set forth on the inside instead of the outside of the petition. The object of the statute is to require the plaintiff to put the defendant on notice of the source through which 'the plaintiff claims title, and the method by which this is done is directory rather than mandatory. The defendant made no complaint that the abstract of title was defective. His only complaint was that no abstract of title was attached to the petition, but it appears that the plaintiffs did disclose in the body of the petition the source through which they claimed to derive title. Even if what plaintiffs alleged as constituting their source of title could not be technically called an abstract of title, the allegations made, if true, were sufficient to prima facie show title to the land. They averred that they were the sole heirs at law of Isaac Allen, and that he was in adverse possession of the land for more than 20 years prior to his death in 1897.

2. The defendant filed no answer or demurrer to the petition. The only effort he made to defend was to appear at the trial term and move to dismiss the petition because there was no abstract of title attached thereto. This motion was overruled, and the court,

upon motion of the plaintiffs, directed a verdict in their favor. Defendant now complains in his bill of exceptions that the court should not have directed a verdict, because of insufficiency of the description of the land sued for, contained in the petition; but he did not make this objection in the court below. Can he make it for the first time in this court? In the following cases it was held that the description of the premises involved was too uncertain and indefinite: *Grace* v. *Martin,* 83 *Ga.* 246 (9 S. E. 841); *Harwell* v. *Foster,* 97 *Ga.* 264 (22 S. E. 994); *Hicks* v. *Brinson,* 100 *Ga.* 595 (28 S. E. 380); *McCullough* v. *Ry. Co.,* 106 *Ga.* 275 (32 S. E. 97); *Lee* v. *English,* 107 *Ga.* 152 (33 S. E. 39). But in each of these cases the facts were different from the facts in this case, and in none of them was the question now under consideration involved. In the present case the defendant made no point in the court below on the insufficiency of the description of the premises contained in the petition, and filed no plea whatever. Hence, the allegations in the petition, being duly paragraphed, were, according to the Civil Code, §4961, to be considered by the court as being true. Could the defendant, by filing a bill of exceptions, have the verdict set aside because it was void by reason of the premises not being described in the petition with sufficient definiteness and certainty, when he did not make this point in the court below? In *Haiman* v. *Moses & Gerrard,* 39 *Ga.* 708, 712, this court says: "Generally, when a party permits proceedings to be had, in the progress of his case, without making any objection, the court will hold him to have waived the objection, and will not relieve him against the consequences of the proceeding, to which he did not object at the proper time." See also, *Eaves* v. *State,* 113 *Ga.* 749 (39 S. E. 318); *Mayor* v. *Johnson,* 84 *Ga.* 279 (10 S. E. 719); *Roberts* v. *Keeler,* 111 *Ga.* 181 (36 S. E. 617); *Phillips* v. *Ry. Co.,* 112 *Ga.* 197 (37 S. E. 418). In the *Roberts* case, supra, it is said: "A new trial will not be granted in a case where the petition is fatally defective in substance. In such a case, the remedy is by general demurrer before a trial on the merits, or by motion in arrest after verdict." There is no exception to the judgment in this case, nor was any motion for a new trial made. The verdict is not different from the one prayed for. If the premises are not sufficiently described, the trouble is primarily in the petition, to which no objection was made in the court below. It

is in this court, by bill of exceptions, that the defendant makes his first objections to the petition, since his objection to the verdict, which follows the petition, is practically an objection to the petition. His failure to object to the petition places him where he can not, by direct bill of exceptions, object to the verdict, as the verdict follows the petition. The defendant can not have the verdict set aside by a direct bill of exceptions, when it appears that he filed no plea to the suit, in which the petition was duly paragraphed, and made no objections to the petition, or to the direction of a verdict, even though the premises sued for were not sufficiently described in the petition or verdict, when it appears that the verdict is precisely the verdict prayed for in the petition.

The judgment of the court below is

*Affirmed. All the Justices concur.*