## CROSBY *v.* McGRAW.

Where a person brings against a coterminous landowner a statutory complaint for land, describing the premises sued for as "fifty acres on the east side of lot No. 490 in the 8th district of said county, bounded north by lands of J. P. McGraw [the plaintiff], east by original lot line between lot No. 490 and lot No. 489, south by land of D. A. Crosby [the defendant], and west by land of D. A. Autrey," the description is too uncertain to be the foundation of a valid judgment and writ of possession thereon, and a motion to dismiss the petition for that reason should be sustained.

　　　　Argued May 7,—Decided December 22, 1909.

Complaint for land. Before Judge Mitchell. Colquitt superior court. October 8, 1908.

*T. H. Parker,* for plaintiff in error. *E. L. Bryan,* contra.

HOLDEN, J. J. P. McGraw brought a statutory action against D. A. Crosby, to recover a tract of land described in the petition,

as amended, as follows: "fifty acres on the east side of lot No. 490 in the 8th district of said county, bounded north by lands of J. P. McGraw, east by, original lot line between lot No. 490 and lot No. 489, south by land of D. A. Crosby, and west by land of D. A. Autrey." Upon the trial of the case the defendant made an oral motion to dismiss the petition, "Because the premises sought to be recovered were not described with such certainty as that, in the event of the recovery by the plaintiff, a writ of possession issued upon the judgment and describing the premises as laid in the declaration would so identify the premises sued for as that the sheriff, in the execution of the writ, could deliver the possession in accordance with its mandate." To the order of the court overruling such motion, to rulings upon the trial occurring after the overruling of the motion, and to the direction of a verdict in favor of the plaintiff, Crosby excepted. We do not think the tract of land was sufficiently described, and we think the court committed error in refusing to dismiss the petition upon the motion therefor upon the grounds above stated. It will be seen from the description above given that the eastern and western boundary lines of the tract are fixed, and it is to be presumed can be located with absolute certainty, except as to length of same. In the case of *Moody* v. *Vondereau*, 131 *Ga.* 522 (62 S. E. 821), it was held: "A deed purporting to convey a parcel of an irregularly shaped tract of land, which describes the land conveyed as containing a definite and exact number of acres, and bounded on the west, south, and east by well-defined boundaries, and on the north by the land of the grantor, is not void for uncertainty. In the absence of a contrary intent appearing, the northern line of the land granted is to be located by a line drawn due east and west so as to cut from the larger tract the number of acres specified in the deed." Considering, therefore, for the purpose of determining whether or not the description is sufficient, that the northern and southern boundary lines run due east and west, is the description given sufficient for the sheriff, in the execution of a writ of possession containing this description, to deliver possession of the premises in the event of a recovery by the plaintiff? If the beginning or ending of either of these lines, or any point on either, could be ascertained, there would be no difficulty in locating the fifty acres sued for. But it can not be determined from the description given what is the location of

36

either of these lines, or of any point embraced therein.    The fact that the fifty acres sued for are south of the land **of** the plaintiff can not serve to identify the land, for the reason that the land sued for is a part of the land of the plaintiff McGraw, which adjoins that of Crosby, and the southern boundary line of the land of the plaintiff is the line separating his land from that of the defendant Crosby, and is the very line in dispute; and, for a similar reason, **the fact that fifty acres are north of the northern boundary line** of the land of the defendant Crosby can not serve to identify the land for which suit is brought.    If the fifty acres sued for and belonging to plaintiff were described as adjoining land of the plaintiff on the north and adjoining persons other than the defendant on the south, as well as  on the east and west, the tract could be located . by reason of the fact that it would be fifty acres south of a line running east and west across the plaintiff's land, located sufficiently north of the northern boundary line of the land belonging to the one other than the defendant and situated south of the fifty acres to include between the two lines mentioned fifty acres, it being presumed that the lines separating the tract sued for and lands of persons other than the defendant are fixed and known.    The situation, however, is different when the eastern and western boundary lines of the tract of fifty acres are given, but neither the northern nor the southern boundary line is given, and where the land is described as being south of the land of the plaintiff and north of the land of the defendant, neither the northern nor the southern boundary line of the tract being given, nor any point thereon, and these lines being the only ones that are in dispute between the plaintiff and the defendant.    The petition in this case does not locate the southern boundary line of the plaintiff, to land north of which the defendant lays no claim of ownership, or the northern boundary line of the defendant, to the land south of which the plaintiff makes no claim.    Under a writ of possession containing the description set forth in the petition, the sheriff might put the plaintiff in possession of fifty acres included between. east and west lines as northern and southern boundaries, one of which boundary lines might extend above in the one instance, and below in the other, into territory which the adverse party never at any time claimed; and yet, for aught that can be determined from the allegations of the petition, the land thus laid off would fulfil the description given in the peti-

tion.   A tract thus laid off, the southern boundary line of which
extended below what would be the line beyond which (if it could be
located) McGraw laid no claim, would nevertheless be bounded
south by lands of Crosby and north by lands of McGraw, since the
northern boundary line in such instance must run east and west
through the disputed territory which the plaintiff would recover if
he prevailed and which would be the land of the plaintiff.   Any land
laid off pursuant to a recovery, under the description contained in
the petition, must be bounded north by the land of the plaintiff and
south by the land of the defendant, and must of necessity be a strip
enclosed between lands owned by them.   Therefore, unless there is
some way of locating one or the other of the lines, north or south,
of the disputed lands beyond which the adverse party claims no own-
ership, there is no way of identifying the premises in dispute as de-
scribed in the petition.   In this connection, see Davis v. Judge. 44
Vt. (9 N. S.) 500.

The only statement made in the petition which would in any
manner serve to locate the tract of land is the statement that the
fifty acres of land sued for are in the possession of the defendant
Crosby.   We do not think this is sufficient to identify the land; as
the sheriff, in order to locate it solely by determining how far north
the possession of the defendant extended, would have to hear evi-
dence as to this fact.   How far the actual or constructive possession
of the defendant extended north between the east and west lines re-
ferred to is not a matter which can be determined from the petition,
and might be a matter of serious dispute.   If the description above
given is sufficient, then the mere statement, in a petition bringing
a suit for land, that the defendant is in possession of a tract of
land sued for, that it contains a specified number of acres and is
embraced in a tract of land which is definitely described, would
serve to identify the land sued for.   It has been held that a descrip-
tion of this kind is insufficient, in the case of *Harwell* v. *Foster*, 97
*Ga.* 264 (22 S. E. 994), where it was ruled: "If the premises sued
for be described as a certain number of acres embraced in a larger
tract, which latter tract is accurately described, but there is no
further description of the particular premises sued for, such de-
scription is too indefinite to be made the basis of a recovery."   In
the case of *McCullough* v. *E. T., V. & G. Ry. Co.*, 106 *Ga.* 275 (32
S. E. 97), suit was brought to recover a strip of specified length, 17

feet more or less in width, which was a part of certain lands leased to certain parties who had assigned their leases to the plaintiff, and the jury rendered a verdict as follows: "We, the jury, find for the plaintiff for that portion of the land in dispute on which the defendant railroad company built their track in 1890, and we also find for the plaintiff in the sum of $3,125, for rent up to date, January 25, 1897." It was held that this verdict was void; and in passing on the question, the court ruled: "A verdict in an ejectment case, whereby the jury undertake to find for the plaintiff a portion only of the premises sued for, and the terms of which are so vague and indefinite that the land therein referred to can not be located and identified by construing the verdict in the light of the pleadings, and the metes and bounds of which could only be arrived at by resorting to extrinsic evidence, is too uncertain to support a judgment." Chief Justice Simmons, in delivering the opinion, on page 277, said: "There was nothing said in the declaration about that part of the strip on which the road-bed of the company was built in 1890,—no allegation as to the length of the road built at that time." There is nothing in the petition in this case from which it can be determined how far the possession of the defendant Crosby extended north at the time the suit was filed. See also, *Turner* v. *Rives,* 75 *Ga.* 606; *Hicks* v. *Brinson,* 100 *Ga.* 595 (28 S. E. 380). We do not think that the description in the petition was sufficient; and as the court committed error in refusing to dismiss it upon the motion made for this purpose, everything occurring thereafter upon the trial was nugatory, and it would be improper for this court to determine any question made by the assignments of error as to what occurred after this motion was refused.

*Judgment reversed. All the Justices concur.*