## Jones *v.* Harris.

Atkinson, J. 1. In an action for the recovery of land, the premises should be so fully described as will enable the sheriff to execute the writ of possession. *Harwell* v. *Foster,* 97 *Ga.* 264 (22 S. E. 994); *Hicks* v. *Brinson,* 100 *Ga.* 595 (28 S. E. 380); *McCullough* v. *East Tenn., Va. & Ga. Ry. Co.,* 106 *Ga.* 275 (3), 277 (32 S. E. 97); *Crosby* v. *McGraw,* 133 *Ga.* 560 (66 S. E. 897); *Williams* v. *Perry,* 136 *Ga.* 453 (71 S. E. 886).

2. A verdict in a civil case which is too indefinite for enforcement may be set aside on proper motion for that purpose, made during the term at which the verdict was rendered, though subsequently to its reception by the court and its entry upon the minutes. *Abbott* v. *Roach,* 113 *Ga.* 511 (38 S. E. 955). This case differs from *Brown* v. *State,* 150 *Ga.* 585 (104 S. E. 428), which was a criminal case.

3. A defendant who passes over without demurring to a petition in an action for land, which is fatally defective in that it does not set forth a sufficient description of the premises sued for, may, after verdict and judgment against him, in addition to other available remedies duly move to set the judgment aside. *Kelly* v. *Strouse,* 116 *Ga.* 872 (5 *a*), 883 (43 S. E. 280).

4. Where, in a petition in an action for land, the naming of adjoining landowners is relied on as a necessary part of the description of the

9

land, and the plaintiff is alleged to be the adjoining owner on one side of the land, and the defendant is alleged to be the adjoining owner on two sides of the land, the land not being a definite quantity and no data being given locating the dividing lines between the tract in question and other lands of the parties, such description is fatally defective. *Huntress* v. *Portwood,* 116 *Ga.* 351 (3), 354 (42 S. E. 513); *Marshall* v. *Carter,* 143 *Ga.* 526 (2), 529 (85 S. E. 691). The defective description in the petition was not cured by allegations made in the answer. The verdict against the defendant, construed in connection with the pleadings, was fatally defective, and the judge erred in overruling the motion to set aside the verdict and judgment.

*Judgment reversed. All the Justices concur.*
No. 1973. FEBRUARY 17, 1921.

Complaint for land. Before Judge Sheppard. Tattnall superior court. February 3, 1920.

M. H. Harris sued R. D. Jones, to recover possession of "a certain tract of land in said county, bounded as follows: on the west and north by lands of R. D. Jones, on the east by lands of M. H. Harris, on the south by lands of E. Widincamp, containing about fifteen hundred (1500) square yards, same being, in part, a part of the field that had been cultivated annually for the last forty years or more, by your petitioner, until about January, 1917, at which time your petitioner removed his worm rail-fence and stretched a wire fence inside of his field for a distance of about two hundred yards, attaching same to his lot fence where he keeps his stock and has so kept them for the last forty years." To the petition the plaintiff attached, as an abstract of title, a statement of the names of grantors and grantees in deeds, the last "conveying the land in dispute to plaintiff," with "actual adverse possession of the land in dispute for over thirty-six years," and "a plat of the land in dispute, dated June 4th, 1880," not exhibiting the plat. The defendant answered, admitting "possession of said land described in the petition," but denying the other allegations therein. "Defendant, further answering said petition, says that the land sued for in said petition is [?] the land of petitioner; that instead of petitioner being in possession of the land of plaintiff, said plaintiff is in the possession of one acre, more or less, of land of defendant described in about the manner as the lands described in the petition; the said disputed lands being differénces in the true land line between the true lands of plaintiff and defendant. Where the land line of plaintiff is straight, the plaintiff has attempted to change the straight line

so as to make it bend westward and include about two acres, part of which said Harris now claims possession, and the other part being the part of land sued for in the petition. Defendant therefore files his cross-action and prays a judgment of the court for the recovery of that portion of said land lying westward of such north and south straight line of which said plaintiff is in the possession, defendant claiming title thereto in fee simple. Defendant claims title from E. Widincamp by warranty-deed covering said disputed lands. The plaintiff obtained possession of that portion of said land of which he is possessed under lease from said E. Widincamp, and has never surrendered such possession to him since said term of tenancy began. "

The verdict was "for plaintiff." At the same term the defendant moved to set aside and vacate the verdict and the judgment entered thereon, because: (1) the verdict is too indefinite and uncertain to be enforced; (2) the premises are not described in the plaintiff's petition with sufficient definiteness as to locate them. The motion was overruled, and the defendant excepted.

*J. V. Kelley,* for plaintiff in error.

*W. T. Burkhalter,* contra, cited Civil Code, §§ 5960, 6282; *Rooks* v. *Tucker,* 129 *Ga.* 744, 746.