## BACON *v.* BACON *et al.*

No. 9163. DECEMBER 19, 1932.

*O. C. Darsey,* for plaintiff.   *C. L. Coward,* for defendants.

BECK, P. J.   It appears from the petition filed in this case by L. J. Bacon against B. E. Bacon, that on January 7, 1920, the plaintiff obtained a loan of $2150 from the defendant, and secured the payment of the same by a deed to a tract of land in Liberty County, containing 200 acres.   When the loan became due the plaintiff was unable to pay the same, and was unable, because of certain judgments or executions against him, to obtain a loan on the tract of land with which to pay off the indebtedness.   The defendant suggested that title to the land be put in Wilton Bacon, a brother of plaintiff, and that Wilton Bacon procure the necessary loan and pay off the indebtedness to defendant.   To this end the plaintiff, on November 9, 1927, executed a quitclaim deed conveying the land to B. E. Bacon, who thereupon executed and delivered to Wilton Bacon a warranty deed to the land, and took from the latter a note for $2150.   Wilton Bacon did not execute a loan deed to defendant, but was to procure the money by a loan on the land from another source and pay the indebtedness due defendant.   In the meantime there were negotiations between plaintiff and defendant for a settlement, other than the payment of $2150.   Plain-

tiff and defendant entered into a parol agreement whereby plaintiff would sell to the defendant a certain portion of the land in settlement of the indebtedness; but before the trade was consummated and without anything being done in furtherance thereof, the defendant notified plaintiff that he was not satisfied with the trade and would not carry it out. Sometime thereafter another parol agreement was reached, by which another line was agreed upon, and the defendant agreed to accept a portion of the land in settlement and extinguishment of the indebtedness. Nothing was done to carry out or consummate the alleged trade; and later the defendant notified the plaintiff that he did not care to abide the trade. The defendant sometime thereafter sued out an attachment against Wilton Bacon, and had it levied upon the tract of land. The plaintiff thereupon brought his petition for injunction and specific performance, praying that the attachment proceedings be enjoined; alleging that neither plaintiff nor Wilton Bacon is indebted to defendant B. E. Bacon; that Wilton Bacon has no interest in the land, and that he should be required to execute to petitioner a deed for his portion of the land and to defendant B. E. Bacon a deed for the portion of land which the latter agreed to take in settlement of the indebtedness to him. By amendment Wilton Bacon was made a party defendant. The court sustained a demurrer of the defendant, and dismissed the case.

The plaintiff prayed that Wilton Bacon be required to execute to petitioner a deed "for his said portion of said land and to B. E. Bacon a deed for the latter's portion of said land, as per agreement made and entered into by petitioner and said B. E. Bacon, and that B. E. Bacon render up the said promissory note held by him against the said Wilton Bacon." While there is a prayer for injunction, in its essence this is a suit for specific performance, and the right to injunction depends upon the right of the petitioner to have a decree of specific performance. Under the allegations of the petition the plaintiff was not entitled to a decree of specific performance. We pretermit any discussion or any decision of the question as to whether or not the plaintiff would be entitled to specific performance if the contract between plaintiff and B. E. Bacon had been sufficiently definite and had described the land to be conveyed with the certainty required by the law. The contract for specific performance of which suit is brought is

alleged to have been made between the plaintiff and B. E. Bacon, but we do not pass upon the question as to whether or not a suit for specific performance of a contract made between plaintiff and B. E. Bacon could be enforced as against Wilton Bacon. The ruling that the court properly sustained the demurrer is based upon the ground that the contract which it was sought to enforce was not sufficiently definite, and the land which the plaintiff seeks to have decreed to be his is not sufficiently described. In substance the contract finally made between the plaintiff and B. E. Bacon was that "the dividing line formerly agreed upon could run around the barn and lot so as the same may go with the dwelling; and then the said B. E. Bacon [agreed] that said division should be completed and the deeds prepared." This contract does not indicate how much land was to be taken in by the change made in the lines. And moreover, in paragraph 7 of the petition, where the petitioner attempts to set forth the contract made, it is merely alleged that an agreement was made for the purpose of settling the matter by the division of the lands described in the petition, "and an agreement was reached whereby petitioner was to have seventy-five acres of the tract and B. E. Bacon was to have one hundred twenty-five acres of the tract, the dividing line at the time having been agreed upon, and the deeds were to be prepared and executed when the said Wilton Bacon or petitioner had them prepared." There is no description or allegation as to the location of this line. It was merely alleged that one was agreed upon. What were the specific terms of that agreement to show the exact location of the line is not set forth anywhere in this petition. And then, when the final agreement was reached whereby there was a change of the line, there is no sufficient allegation to determine the location of the last line. Under these circumstances the court could not decree specific performance of the contract. *Young* v. *Flournoy,* 139 *Ga.* 634 (77 S. E. 807) ; *Harper* v. *Keller,* 110 *Ga.* 420 (35 S. E. 667) ; *Crosby* v. *McGraw,* 133 *Ga.* 560 (66 S. E. 897) ; *Estes* v. *Winn,* 136 *Ga.* 344 (71 S. E. 470). The plaintiff, failing to show a cause entitling him to specific performance of a contract to convey land, was not entitled to the injunction sought.

*Judgment affirmed. All the Justices concur.*