OGLESBY *et al. v.* VOLUNTEER STATE LIFE INSURANCE
COMPANY; *et vice versa.*

Nos. 14377, 14393. DECEMBER 1, 1942.

*Milton A. Carlton, D. A. Bragg,* and *John C. Hollingsworth* for plaintiffs.

*J. Henry Howard,* for defendant.

GRICE, Justice. The plaintiffs based their prayer for relief on the allegation that they were seized with the title to the land involved, and in their petition they exhibited a deed from their father to them, from which they assert their title was derived. If the description of the property in that deed is so vague and indefinite as to afford no means of identifying any particular tract of land, the instrument is inoperative either as a conveyance or as color of title. *Crawford* v. *Verner,* 122 *Ga.* 814 (50 S. E. 958). The question of sufficiency of description may be raised by general demurrer. *Clark* v. *Knowles,* 129 *Ga.* 291 (58 S. E. 841); *Scoville* v. *Lamar,* 149 *Ga.* 333 (100 S. E. 96); *Darley* v. *Starr,* 150 *Ga.* 88, 90 (102 S. E. 819). The deed in the instant case, beginning "Georgia, Emanuel County," J. M. Oglesby being the grantor, contains the following description: "All of that tract or parcel of land situate, lying, and being in the 49th district of said county, containing one hundred acres, more or less, and bounded as follows: north by the lands of Lewis Johnson; east by lands of C. M. Gay; south by lands of R. S. Johnson; west by lands of the said J. M. Oglesby." Here, it is to be observed, is no certain

number of acres conveyed, but instead the quantity is "one hundred acres, more or less." The western boundary is lands owned by the grantor, with nothing to indicate how far westerly into the lands of the grantor the line of separation is to be. The premises are not so referred to as to indicate the grantor's intention to convey a particular tract, nor is the tract described as being known by a given name, nor is reference made to a more particular description in another deed or survey and plat. Compare *Crawford* v. *Verner*, 122 *Ga.* 814, 816. In the event of a recovery, the sheriff could not from this description execute a writ of possession. Compare *Jones* v. *Harris*, 151 *Ga.* 129 (106 S. E. 555). The pronouncements of this court in the cases next cited compel a ruling here that no title passed under the description relied on in the instant case. *Huntress* v. *Portwood*, 116 *Ga.* 351 (42 S. E. 513); *Crosby* v. *McGraw*, 133 *Ga.* 560 (66 S. E. 897); *Marshall* v. *Carter*, 143 *Ga.* 526 (85 S. E. 691).

By amendment to the petition it was alleged that as a matter of fact J. M. Oglesby, before the making of this deed, made a parol agreement with his brother to sell him seventy-five acres off the western side of the original tract which the grantor then owned, which line was then and there marked off and a fence erected thereon, which has ever since been and now remains as the boundary line between the lands which J. M. Oglesby retained and the portion he had sold to his brother, and that J. M. Oglesby in naming himself as the owner of the lands on the western boundary of the tract did so because at that time he had not made a deed to his brother. These allegations can not supply the lack of definiteness in the description of the deed. A patent ambiguity in the description can not be removed by extrinsic evidence. *Darley* v. *Starr*, supra. A description void for lack of certainty in description can not be saved by resorting to extrinsic proof as to the secret and undisclosed intention of the maker. *Huntress* v. *Portwood*, supra. In *Holt* v. *Tate*, 193 *Ga.* 256 (18 S. E. 2d, 12), it was in effect held that an insufficient description could not be aided by amendment seeking further to describe the land sued for, otherwise than to show that the deed by its own terms, when taken in connection with the physical facts as to the lines of the adjoining owners named in the deed, necessarily and in itself afforded its own key by which the property conveyed could be positively identified as

set forth in the additional description. In the instant case the deed contains no key. The amendment did not strengthen the plaintiffs' case. When the deed itself lacks definiteness in description, and does not on its face indicate a key which may resolve the indefinite into the definite, a statement in the pleadings which seeks to supply that as to which the instrument is silent may be likened to the act of one who tries to build a superstructure without a foundation.

The general demurrer to the petition should have been sustained, and the suit dismissed. As a result, the judgment on the cross-bill of exceptions is *reversed;* and since that ruling controls the entire case, the writ of error on the main bill of exceptions is *Dismissed. All the Justices concur.*