VARNELL *v.* O'BRYANT.

No. 14934.    SEPTEMBER 7, 1944.    REHEARING DENIED OCTOBER 7, 1944.

*Sam H. Seymour,* for plaintiff.
*R. Carter Pittman,* for defendant.

JENKINS, Presiding Justice. The plaintiff in her petition has described the premises of the defendant on which the house is being erected as "forming a 'V' in the fork in said branches." The south line of the defendant's lot is described by the plaintiff as "112 feet running west with Varnell Spring Branch to a stake." Since it appears by the amendment that the house is being constructed eighteen feet north of Varnell Spring Branch, and since the petition shows that the defendant's premises form a "V" in the fork of the two branches, and that the south boundary runs west "with the Varnell Spring Branch," it necessarily follows from the petition that the Varnell Spring Branch as it runs constitutes the northern boundary line of the plaintiff's premises and the southern boundary line of the defendant; and that, since the house is being erected eighteen feet north of the Varnell Spring Branch, it does not project over upon the lands of the plaintiff. If it be assumed that the theory on which the petition was brought is that the first described boundary, the southern boundary, of the defendant's premises should be taken as a straight line because it is described as running 112 feet, then in such event it would be possible for a trespass to exist; but we do not think that any such assumption is authorized merely because the south boundary is described as running 112 feet, since, under the allegations of the petition, the southern boundary of the defendant's lot is described as "running west *with* Varnell Spring Branch," and the lot is described as forming "a 'V' *in the fork of said branches."* These allegations being unequivocal, and the definition of the south boundary being thereby fixed and determined by natural boundaries, we cannot agree that, merely because the length or distance of such boundary was stated in feet, such designation would override the definitely stated physical boundary. This is true even had the petition shown (which it does not) that the distance, if measured in a straight line (instead of following the branch) between the two fixed points of the southern boundary, was 112 feet. The Code, § 85-1601, provides that courses and distances shall be resorted to *in the absence* of higher evidence, but that natural boundaries shall be taken as the most conclusive evidence. While the Code section cited relates to rules governing processioning proceedings, there appears no reason why this particular portion of the statute should not have proper application here. See, in this connection, the

recently decided case of *Veal* v. *Barber,* 197 *Ga.* 555 (30 S. E. 2d, 252). We think that the court correctly dismissed the action on general demurrer. *Judgment affirmed. All the Justices concur.*