## LAND *et al.* *v.* MOORE.

No. 15574. NOVEMBER 13, 1946. REHEARING DENIED DECEMBER 2, 1946.

*Paul Blanchard,* for plaintiffs. ·

*Joseph S. Ray* and *Theo J. McGee,* for defendant.

JENKINS, Presiding Justice. ■ ■ The plea· of res judicata filed by·Moore in the second suit in ejectment raises but one deci-

sive question—was the title to the one-acre tract of land now sought to be recovered an issue in the previous suit in ejectment brought by the church against Slaughter, the defendant's predecessor in title? The answer to this question will depend upon the pleadings in the former suit against Slaughter. Was the particular one square acre *now* sued for, and alleged to contain the spring and baptismal pool, put in issue in the *former* suit, merely because of the erroneous allegation made in the former petition to the effect that the spring and baptismal pool were contained within the boundaries of the square five-acre tract then sued for?

While the first petition by amendment identified the parcel of land, of which the church had been dispossessed, by specific metes and bounds so as to encompass an area of five square acres only, which measurements do not embrace the one acre now sued for, the petition in the former suit nevertheless specifically asserted that the land as then sued for contained the "spring and baptismal pool." In view of the recognized rule of law to the effect that in determining boundaries to premises in dispute, courses and distances must yield to permanent physical monuments, natural or artificial (Code, § 85-1601); *Brantly* v. *Huff,* 62 *Ga.* 532 (5), 536, which rule of law has application to descriptions contained in deeds (*Harris* v. *Hull,* 70 *Ga.* 831 (1 a)), and which has been applied to descriptions of land in dispute in suits in ejectment (*Veal* v. *Barber,* 197 *Ga.* 555, 561, 30 S. E. 2d, 252; *Calhoun* v. *Babcock Brothers Lumber Co.,* 198 *Ga.* 74, 77, 30 S. E. 2d, 872)—it is contended by the defendant in the present suit that the former pleadings must be construed to mean that, since the church had alleged that it had been dispossessed of the land on which the spring and baptismal pool is located, the title to the particular one square acre of land now sued for was thus put in issue by the former pleadings, irrespective of the fact that the land thus sued for was described by metes and bounds which actually excluded the same spring and baptismal pool.

Should we attempt to follow this contention of defendant, we find that, while the church has a verdict in its favor for the "premises in dispute," on which is located the spring and baptismal pool, if—as appears to be the case—the spring and baptismal pool were not actually located on the five-acre parcel of land sued for as described by metes and bounds both by the peti-

tion and in the judgment, it would be wholly impossible to frame a judgment in accordance with any certain intent of the verdict, as construed with the pleadings, so as to include any other particular land containing the spring and baptismal pool. The verdict, therefore, except as to the five-acre tract particularly described by metes and bounds, would be a nullity insofar as it might seek to recover the particular additional one square acre now sued for. *Roberts* v. *Citizens Bank & Trust Co.*, 33 *Ga. App.* 626 (127 S. E. 621) ; *Manget-Brannon Co.* v. *White Crown Fruit Jar Co.*, 20 *Ga. App.* 339 (93 S. E. 307). The fact that the church in its former suit might have erroneously alleged that the particularly described five square acres, as sued for and recovered, contained the spring and baptismal pool, could not possibly be taken to afford the basis of claiming a recovery of the new particular additional one square acre now sued for. This seems altogether manifest when we consider that in an action for the recovery of land, the premises should be so fully described as will enable the sheriff to execute the writ of possession. *Harwell* v. *Foster*, 97 *Ga.* 264 (22 S. E. 994) ; *Hicks* v. *Brinson*, 100 *Ga.* 595 (28 S. E. 380) ; *Crosby* v. *McGraw*, 133 *Ga.* 560 (66 S. E. 897). Therefore it is evident that the only parcel of land described with the required degree of sufficiency is the five square acres described by metes and bounds, erroneously alleged to contain the spring and baptismal pool; and that consequently the title to the new particular one acre now sued for was not put in issue or adjudicated by the previous litigation. It was therefore error to sustain the plea of res judicata on the theory that the title to the one acre now sued for was in issue under the pleadings of the former case. *Sumner* v. *Sumner*, 186 *Ga.* 390 (197 S. E. 833).

■ . Although counsel for the defendant in the court below argue in their brief that the plaintiffs are estopped from maintaining the instant suit, by reason of having pleaded in their previous suit that the land sued for was the only church property in land lot No. 80 in Muscogee County—no decision is made and no intimation is given on the question as to whether or not there could be an estoppel by admissions in judicio, for the reason that such a defense was not specifically pleaded, nor were there allegations in the plea of res judicata which could possibly be taken as sufficient to raise such a defense, except such as were pleaded as having been

contained in the former petition; and it appears that, by the prayers of the plea in the instant case, these allegations in the former suit were set forth for the one specific purpose of invoking the doctrine of res judicata; and it does not appear from the record that the trial court in the instant case was called upon to determine any question other than upon the plea of res judicata under the previous judgment. Were this question, which is now presented for the first time in the brief of counsel, properly before us for decision, various problems in connection therewith might arise. True enough it is that the members of the church in their former petition stated that they owned no land in the lot involved save the five square acres sued for by metes and bounds, and it now appears that they are suing for an additional square acre in the same lot, on which is located the spring and baptismal pool; but it will be observed that in the same petition in which the admission was made there was another allegation that the church occupied and had occupied the land on which the spring and baptismal pool was located, which now appears to be outside of the boundaries of the five square acres originally sued for—all of this—and perhaps whether the admission referred to was relevant to the maintenance of the previous suit might present questions for determination, which might or might not have a bearing upon the effect of any such admission in judicio. But, as already stated, we make no ruling or intimation on such a question, which is not now before us.

*Judgment reversed. All the Justices concur, except Bell, C. J., and Duckworth, J., who dissent.*