*C. L. Cowart, R. L. Dawson*, contra.

BARRETT *v.* DODD *et al.*

HAWKINS, Justice. 1. Where a deed conveying a tract of land locates the boundaries by physical monuments, natural, or artificial, such as public roads, and by courses and distances, and there is a discrepancy between the monuments and the courses and distances, the location by monuments will prevail. Code, § 85-1601; *Brantly* v. *Huff*, 62 *Ga.* 532 (5); *Harris* v. *Hull*, 70 *Ga.* 831; *Hammond* v. *George*, 116 *Ga.* 792 (43 S. E. 53); *Stewart* v. *Latimer*, 197 *Ga.* 735 (30 S. E. 2d, 633); *Varnell* v. *O'Bryant*, 198 *Ga.* 352 (31 S. E. 2d, 661); *Land* v. *Moore*, 201 *Ga.* 661 (40 S. E. 2d, 729); 11 C. J. S. 546, § 6.

2. Where, as in this case, the plaintiff, alleging herself to be the owner, seeks to enjoin the defendants from trespassing upon a triangular tract of land located between and at the junction of two named public roads, and the defendants claim title to the land under a deed—which describes the land thereby conveyed as "Beginning at an iron pin corner at the Southwest corner of the junction of the old Gainesville-Clarkesville public road and Yonah-Homer public road; thence as a southerly direction along the east side of the old Gainesville-Clarkesville public road forty-eight (48) feet to an iron pin corner; thence an easterly direction along the property of Eletha Dodd one hundred twenty (120) feet to an iron pin corner; thence a northerly direction along the property of Eletha Dodd forty-eight (48) feet to the south side of the Yonah-Homer public road; thence along the south side of said Yonah-Homer public road one hundred twenty (120) feet to the beginning

corner. This being the lot on which the said C. E. Gillespie formerly owned and operated a store"—which deed was later corrected by another deed giving the same public roads as boundaries, but reducing the distances of 120 feet as contained therein to 100 feet, the first ground of the amended motion for a new trial, complaining of an excerpt from the charge of the court embodying the principle of law announced in the preceding headnote, is without merit.

3. The second ground of the amended motion for a new trial is based upon alleged newly discovered evidence. This ground and the supporting affidavits attached thereto disclose that the alleged newly discovered witness was 78 years of age and had lived at a designated place "for years." The only reason offered by the affidavit of the movant for failure to produce the witness on the trial is that the movant resided in a different county, and at the time of the trial "was laboring under the impression that (the named witness) was dead." She and her counsel merely state in their supporting affidavits that they did not know at the time of the trial that there was in existence a photograph which it is now insisted this witness could produce, and which would be material evidence on another trial. This photograph would only be cumulative, and this ground is, therefore, without merit. *Smiley* v. *Smiley,* 144 *Ga.* 546 (3) (87 S. E. 668), *Johnson* v. *State,* 196 *Ga.* 806 (27 S. E. 2d, 749), and cases cited.

4. There was ample evidence to support the verdict, and the trial court did not err in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur.*

No. 17053. MAY 8, 1950.

*George W. Westmoreland,* for plaintiff.
*Kenyon, Kenyon & Gunter,* for defendants.