5553.   CITY OF ATLANTA *v.* WILLIAMS.

RUSSELL, C. J. 1. There was sufficient evidence to authorize a finding that the street upon which the plaintiff alleged his lot abutted had been dedicated to the public and accepted by the municipal corporation as a public street, and that the damage suffered by him in the improvement of the street exceeded any enhancement in the value of his property, resulting from the public improvement.

2. If a municipal corporation, to which has been delegated the control of all public highways within its municipal limits, knowingly permits the working or grading of any of its streets by county authorities or others, and, as a result of this work (which the municipality is empowered to prevent), the private property of a citizen is injured, he is not confine'' to his remedy against the actual tort-feasor, but may hold the municipal corporation liable for the damage consequent upon and resulting from the tort of the real wrong-doer, who will be held to have acted as the agent of the municipality.

3. Testimony to the effect that the witness had known the street in question to be a prominent, well-defined, inhabited thoroughfare since he was a barefoot boy was not objectionable upon the ground of irrelevancy, or for the reason that "the condition or improvements put on their

property by somebody else, at another portion of the alleged street, was not admissible." Upon the issue as to whether an alleged street is in fact a public highway, evidence as to the character and duration of the public use of the alleged highway, upon any portion thereof, is relevant as a circumstance illustrative of the use of any particular portion of the alleged highway, or of its appropriation to the public use as a whole.

4. The erection of numerous and valuable buildings along a public highway, or the failure to erect any improvements or buildings upon it, for a long period of time after an alleged municipal improvement upon it, may tend to illustrate whether the value of the property of one who claims to have been injured by the municipal improvement was enhanced or not. For this reason the testimony of a witness introduced as a real-estate expert, to the effect that in his opinion the circumstance that an owner of property upon that portion of the street alleged to have been improved had not platted or put his property upon the market for four years subsequent to the alleged improvement indicated that the benefits were more prospective than real, was not subject to the objection that what had been done to the property along the street by other property-owners, since the time of the grading, was immaterial and irrelevant.

5. The court did not err in ruling that municipal ordinances purporting to provide for the doing of work by the county and the city were immaterial, for the reason that if the city authorities permitted the county authorities to grade or repair the streets, the city would be liable to any one damaged thereby, even though at the time the city authorities permitted such work to be done the ordinance had been passed which provided that the county authorities might work on the streets within the city at such places as the street-committee and the board of county commissioners might agree, and that where the county did such work, it was as much public work as other public work done in the county outside of the municipality. It was not within the power of the municipality to relieve itself from the liability imposed by law, or by ordinance to deprive one injured by the grading of a street of his right to proceed against both tort-feasors, or either one of them, as he might prefer.

6. In view of the testimony to the effect that the alleged street abutting the plaintiff's property had been dedicated and used as a public highway of the city, it was not error for the court to charge the jury that "if the county authorities did the work actually done by its convicts, it would nevertheless, in a legal sense, be the work of the city, so far as the property-owner on the street is concerned. That is, the grading and opening of the street would be the work of the city although the actual work done may have been performed by convicts under the direction of the county commissioners. Being accepted by the city, and upon a street of the city, it would be in legal effect just the same as if the city, by its own convicts or employees, had the work done."

(a) Nor is the foregoing excerpt from the charge, when read in connection with the context, objectionable upon the ground that the court intimated or expressed an opinion upon the issue of fact as to whether the alleged street was in fact a public street of the city. Special exception

is taken upon the ground that the language, "being accepted by the city, and upon a street of the city," is a clear expression of opinion; but in the connection in which it was used, and considering the court's instruction as a whole, it is manifest that this participial term was intended by the court, and understood by the jury, as the equivalent of the words "*if* accepted." In narrative as well as in argumentative expression the use of the present participle frequently implies the conditional existence of the fact referred to.

(b) Though there was no express evidence of the acceptance of the street or of the work as performed by the county authorities, the circumstances in evidence were sufficient to authorize the inference that the street as platted in the original subdivision of the land had been accepted; and the character of the grading, and the period of time required therefor by the county authorities, charged the municipal authorities with knowledge of the fact that the work was being done by the county, and authorized the conclusion that it was being done with their acquiescence and direction.

7. While the failure of the proper authorities to work a highway which has been dedicated to the public may be a pregnant circumstance in rebuttal of the contention that the alleged highway is in fact a public highway, the fact that a portion of it has been neglected by the proper public authorities, or work upon a portion of it delayed or postponed, will not contradict evidence tending to show the existence of the highway as a public street or road, afforded by proof that the land within the lines which had theretofore been understood to include the street was taken charge of by the public authorities and worked as a street.

8. The working of the street would be an acceptance as of the date when the work began, even if there had been no prior acceptance of the dedication proposed by the former owners of the land; and if the entry upon land which is graded and opened for a street was unauthorized and tortious, the tort-feasor would be estopped to defend, as against the action of one who had been injured, upon the ground that the action of the municipal authorities was unauthorized.

*Judgment affirmed. Broyles, J., not presiding.*
Decided February 3, 1915.

Action for damages; from city court of Atlanta—Judge H. M. Reid. January 24, 1914.

*J. L. Mayson, W. D. Ellis Jr.,* for plaintiff in error.
*Moore & Pomeroy,* contra.