### 7911.  CITY OF ATLANTA *v.* THURMAN.

1. A municipal corporation is liable for negligent conduct of a county chain-gang in placing an obstruction upon a sidewalk of the municipality without protecting it by barrier, rope, notice, or other warning, where the chain-gang is engaged in the performance of a duty of the municipality, at the direction and with the knowledge and consent, and under the express authorization of the municipality.

2. Where the charge given to the jury covers in general terms the law applicable to the contentions of the parties, more specific instructions, if desired, should be made the subject of a timely written request.

3. The improper allowance of an amendment to a petition can not properly be made a ground of a motion for new trial.

4. The evidence to which objection was made was properly admitted, under the pleadings in this case; the verdict is supported by the evidence, and there was no error in overruling the motion for a new trial.

DECIDED MARCH 20, 1917.

Action for damages; from city court of Atlanta—Judge Reid. September 30, 1916.

*J. L. Mayson, S. D. Hewlett,* for plaintiff in error.

*Walter A. Sims,* contra.

GEORGE, J. The petition against the City of Atlanta alleged: that the plaintiff was walking, at night, along one of the sidewalks in that city, when he stumbled and fell over some sacks of coal placed on the sidewalk by the city; that a steam-roller belonging to the city was used in paving the street adjacent to the sidewalk, and the sacks of coal were placed upon the sidewalk to be used in operating the steam-roller; that the county authorities, employing a chain-gang, were doing the work for the city, with the knowledge and consent, and under the express grant, of the city; that in the performance of this work the county authorities were exercising a governmental function for and on behalf of the city; that the city had delegated to the county authorities the right to repair the said street, and in so doing it made the county chain-gang a part of its own system of government; and that the sacks of coal were actually left upon the sidewalk by some one of the county's employees. The city was alleged to be negligent in placing the sacks of coal on the sidewalk and in the shadow of the steam-roller, and in failing to guard the same with ropes or lights, or by other notice or warning. There was no demurrer to the petition. The evidence disclosed that the city, by resolution, had requested the county authorities to do the work on the street where the plaintiff received his injury. The city was actually assisting the convicts in making the repairs on the street, and for that purpose furnished one of its steam-rollers, in the operation of which the coal alleged to have been negligently placed on the sidewalk was required. The court charged the jury that "if the county employees were engaged in this work for the city, and under the direction of the city, they would be, so far as this plaintiff is concerned, servants of the city." This charge is alleged to be error, and it is contended that "if the county employees left sacks of coal upon the sidewalk in a negligent manner, the City of Atlanta would not be liable for this negligence." An additional charge given by the court and containing substantially the same instruction is also complained of, upon the ground stated.

We think the evidence introduced by the plaintiff in support of the allegations of his petition required these instructions to the jury. A municipal corporation is liable for the negligent acts of county employees engaged in the performance of a duty required of the municipal corporation, when the employees also are work-

ing under and by virtue of instructions issued by the municipality. In legal contemplation the act of the county employees was the act of the defendant, and it can not escape liability on the ground that it did not have notice that the sacks of coal had been negligently placed upon the sidewalk, as alleged in the petition, and that it was therefore under no legal duty to protect and guard the same by rope or light, or by any other notice or warning. *City of Atlanta* v. *Williams,* 15 *Ga. App.* 654 (84 S. E. 139) ; *City of Rome* v. *Davis,* 9 *Ga. App.* 62 (70 S. E. 594) ; *Jones* v. *Atlanta,* 142 *Ga.* 151 (2) (82 S. E. 540).

Grounds 5, 6, and 7 of the motion for a new trial complain of the failure to give in charge to the jury certain principles of law. These charges are to the effect that, if damages are traceable to an act of negligence, but are not its legal or material consequence, or if other and contingent circumstances preponderate largely in causing the injurious effect, such damages are too remote and contingent to be the basis of a recovery. The court charged the jury generally that before the city could be held liable, it must appear that the city was negligent in the respect charged in the petition, and that it must further appear that its negligence was the proximate cause of plaintiff's injury. This general statement of the rule, under the facts of this case, was sufficient. If more specific instructions were desired by the city they should have been the subject of a timely written request.

The witness Coggin, for the plaintiff, was allowed to testify as follows: "I found some coal lying on the sidewalk behind one of the wagons. It was so dark I stumbled over it myself on looking for it." This testimony was objected to on the ground that it was irrelevant and immaterial on any issue involved in the case. The testimony of the witness referred to the same sacks of coal over which plaintiff is alleged to have fallen, and related to the conditions existing on the night of the plaintiff's injury. The evidence was both material and relevant. It was essential for the plaintiff to show not only the presence of the coal on the sidewalk, but that upon the night of his injury he could not, in the exercise of ordinary caution, see the obstruction. This issue was submitted to the jury, and if this evidence was objectionable upon any ground, it is certainly neither irrelevant nor immaterial.

The witness Dr. Green, for the plaintiff, testified, over objection,

as follows: "There was a good deal of twisted condition of the muscles, and also some in the region of the kidneys, and he had some trouble with his kidneys, and I gave him some medicine and also some liniment." The ground of objection to this testimony was that it injected into the case an element of damage of which the defendant did not have notice. The petition as amended alleged the following injuries: Plaintiff's spine was wrenched and sprained; one of his ribs was fractured and dislocated on his right side; the sacrum bone on the right side was torn loose from the backbone; the muscles of his back and shoulders were wrenched and sprained, and, by reason of the injuries to his spine, back, and side, he suffered a partial stroke of paralysis; he has suffered excruciating pain "through his entire body since said injuries." One item of damage is expense incurred for doctor's bills and medicines. While no direct injury to the kidneys is alleged in the petition, we are of the opinion that the evidence was properly admitted. The probable effects of an injury may properly be admitted in evidence, and a symptom of the injuries alleged to have been sustained by the plaintiff may be shown. The testimony objected to is in part directly in support of specific injuries alleged in the petition, and if a part thereof referred to an injury not specifically pleaded, this fact would not be a sufficient reason for the rejection of the entire evidence. Dr. Green was further allowed to testify that "there was a dislocation there where the backbone joins the sacrum—the lower part of the backbone, right in the center." This testimony was objected to upon the ground that the original petition did not allege such injury. An amendment was offered and allowed, alleging this specific injury. Counsel for the city objected to the amendment, on the ground that it enlarged the injuries described beyond the allegations of the notice served upon the city under section 910 of the Civil Code of 1910. It was admitted by counsel for the city that the notice required by this code-section had been given the city, and it is insisted that the description of the injuries in the notice served upon the city is not sufficient to include the particular injury set out in the amendment. We can not consider the assignment of error upon the ruling of the court in allowing this amendment, for two reasons: (1) The notice served on the city, under section 910 of the Civil Code of 1910, is not attached to the petition, and does not

appear in the record. It may have been broad enough to cover this identical injury. (2) The amendment was allowed April 18, 1916, and no exceptions pendente lite were taken to the order allowing it. The final bill of exceptions was presented and certified on October 5, 1916. The improper allowance of an amendment to a petition can not properly be made a ground of the motion for a new trial. We cite only the cases of *Bullock* v. *Cordele Sash &c. Co.,* 114 *Ga.* 627 (40 S. E. 734) ; and *Hammond* v. *George,* 116 *Ga.* 792 (3) (43 S. E. 53). The original petition was demurrable because it did not allege that the notice required by section 910, supra, had been given. Since there was no demurrer to the petition, and since counsel for the city admit that the notice required by the code-section was served upon the city, there is no merit in the objection to the evidence. The amendment was allowed and is a part of the pleadings in this case, and the plaintiff had the right to prove, by any legal evidence, the injury alleged in the amendment. This case was fairly and ably tried, and the verdict finding for the plaintiff has the approval of the trial court. The evidence supports the verdict and there was no error in overruling the motion for a new trial.

*Judgment affirmed.* · *Wade, C. J., and Luke, J., concur.*