*R. R. Jones,* contra.

---

### 16521.   TOWN OF CLEVELAND *v.* KIMSEY.

1. The decision of the Supreme Court in *Lee County* v. *Smithville,* 154 *Ga.* 550 (115 S. E. 107), to the effect that the State highway department, in conjunction with the county authorities, may construct a

"State-aid road" through a municipality without its consent and even against its will, can have no application so as to preclude a liability against the municipality for damage done to private property by a change in a grade of one of its streets which the municipality knowingly permitted to be made where such street is not part of the highway being constructed or repaired but is entirely disconnected therefrom and is graded merely for the purpose of obtaining dirt with which to widen another street or road which is occupied as a part of the highway.

2. The municipal authorities in such a case having power to prevent such change in the grade of the street may be held liable for damages to private property resulting therefrom where they knowingly permit the work to be done.

3. The judge of the city court erred in awarding a nonsuit, and the judge of the superior court properly sustained the certiorari to that judgment.

DECIDED OCTOBER 19, 1925.

Certiorari; from White superior court—Judge J. B. Jones. April 15, 1925.

*T. F. Underwood, C. H. Edwards, B. P. Gaillard Jr.,* for plaintiff in error.

*Henderson & Allison, E. D. Kenyon,* contra.

BELL, J. Mrs. C. C. Kimsey brought a suit in the city court of Cleveland against the Town of Cleveland to recover damages alleged to have been done to her property located within the bounds of the municipality, by a change alleged to have been made by the municipality in the grade of one of its streets adjacent to the property. At the close of the plaintiff's evidence upon the trial the court awarded a nonsuit. The plaintiff's certiorari was sustained by the superior court, and the defendant municipality excepted. Counsel for the plaintiff in error, apparently conceding that the case was otherwise made out, have urged in this court that the nonsuit was proper, and that the grant of the certiorari was therefore error, solely because it appeared from the plaintiff's evidence that the alleged damage was done by the State highway department, or a contractor under its authority, in the construction of a "State-aid-road" as a part of the system of highways contemplated by the act of August 18, 1919 (Ga. L. 1919, p. 242), reorganizing the State highway department. They contend that under the decision of the Supreme Court in *Lee County* v. *Smithville,* 154 *Ga.* 550 (115 S. E. 107), the municipality can not be held liable for damage which has been done in the construction of such a road through the municipality by or under the authority

31

of the State highway department.  According to the decision in that case the highway department in conjunction with the county commissioners is empowered to build a "State-aid-road" as a part of the system of highways provided for by the above-mentioned act, through a municipality, without its consent and even against its will.  It is perhaps true that in such a case the municipality would not be liable for damage done to private property by the construction of such road, even though it involved a change in the grade of a street occupied and used by the highway department as a part of the road.  ·Whether this be true or not, the municipality could probably be held liable if the work, instead of being done without its consent or against its will, was executed with its concurrence and under circumstances which would render it responsible as a joint tort-feasor.  If the municipality could not be held liable where damage resulted to private property in a case like that of *Lee County* v. *Smithville,* supra, the property owner might possibly still have a remedy under the provisions of paragraph 5 of section 2 .of article 5 of the act referred to, or under section 4 of the amendment to this act approved August 27, 1925 (Ga. L. 1925, p. 208) ; but, in the view which· we take of the case before us, it does not involve or require a decision of any of the questions to which we have just referred.  It appears from the evidence that the street here in question was not a part of the State road which was being constructed or improved through the Town of Cleveland, but was located in another part of the town.   The ·plaintiff testified: that "The highway people  .  . were cutting down Jackson street in front of my house and using the dirt to widen the highway through the town.  .  .   The· town authorities and councilmen were there practically every day watching the work go on."  William M. Armistead testified:  "The town authorities wanted the highway widened down here below the courthouse,· and were grading down that street, and used the dirt to widen the highway there."  The inference was therefore authorized that the highway contractor changed the grade of Jackson street, not in improving or reconstructing it as a part of the State road, but merely for the purpose of obtaining dirt with which to widen the road or highway in some· other part of the town.  If the particular· street which was thus regraded was not occupied by the State highway department for the purpose of making it a part

of the State road, it remained under the control of the municipal authorities, who would have had the power to prevent the use of the street in the manner and for the purpose shown. The fact that the State highway department was constructing a State highway through the bounds of a municipality would not give that body the control of all of the other streets therein. The assumption of the control of a street through a municipality by the highway department being an exception to the general rule that the streets are under the control of the municipal authorities, it would seem that where the municipality is sued by an individual for damage to his property by a change in the grade of a street, the burden would be upon the defendant to show that its control of the street had been lost to the highway department, when such fact is claimed as a defense. This fact certainly did not affirmatively and conclusively appear from the plaintiff's evidence in the present case. It was shown that the municipal authorities had knowledge of what was being done, and we think that certain inferences were deducible from the evidence to which the following ruling by this court, in the case of *City of Atlanta* v. *Williams,* 15 *Ga. App.* 654 (2) (84 S. E. 139), would have been applicable: "If a municipal corporation, to which has been delegated the control of all public highways within its municipal limits, knowingly permits the working or grading of any of its streets by county authorities or others, and as a result of this work (which the municipality is empowered to prevent) the private property of a citizen is injured, he is not confined to his remedy against the actual tortfeasor, but may hold the municipal corporation liable for the damage consequent upon and resulting from the tort of the real wrongdoer, who will be held to have acted as the agent of the municipality." See also *City of Atlanta* v. *Thurman,* 19 *Ga. App.* 531 (1) (91 S. E. 887). The judge of the city court having erred in awarding the nonsuit, the judge of the superior court properly sustained the certiorari complaining of that judgment.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*